UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-CR-66(2) (RHK/JSM)

UNITED STATES OF AMERICA,

        Plaintiff,

APRIL FAY LEWIS,

        Defendant.

OPINION MEMORANDUM AND ORDER ON MOTION MADE PURSUANT TO 18 U.S.C. §§ 3582(c)(2) and 3563(b)

This matter is before the Court on Defendant's August 21, 2015, Motion for Modification or Reduction of Sentence Under 18 U.S.C. §§ 3582 (c)(2) and 3563(b). (ECF No. 233). Defendant's motion will be DENIED, for the reasons discussed below.

I.    <u>RELEVANT PROCEDURAL AND FACTUAL HISTORY</u>

On March 3, 2014, Defendant April Fay Lewis ("defendant" or "Lewis") was named in a twelve-count Indictment charging her with various crimes related to a drug trafficking organization's conspiracy to distribute methamphetamine. (DCD No. 1, Indictment).[1] Pursuant to a plea agreement, on June 2, 2014, Defendant appeared with her counsel and pled guilty to Count One of the Indictment. That count of conviction charged her with conspiracy to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. DCD 117. In consideration for her plea, the Government agreed not to charge her

---

[1] Citations to the District Court Docket are designated as "DCD."

with additional and more significant drug conspiracy allegations.[2] *Id.* at ¶ 1. Defendant acknowledged that, according to the Advisory Guidelines, she faced up to 188 months imprisonment, as well as a term of at least one but no more than three years imprisonment. *Id.* at ¶ 6. She also understood that if she were to violate any condition of supervised release, she could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583. *Id.* at ¶ 5. The parties acknowledged the Court would consider the United States Sentencing Guidelines in determining the appropriate sentence. *Id.* at ¶ 6. The court ordered a Presentence Investigation Report ("PSR") and Court allowed defendant to remain out of custody on previously-imposed conditions of release.

Pretrial services records demonstrated that defendant did not comply with Court-ordered conditions of release. PSR at ¶ 5. Specifically, following her initial release on March 27, 2014, defendant was ordered to reside at a halfway house. As described above, she pleaded guilty in June 2014, and completed the primary portion of treatment and was participating in aftercare sessions. By July 24, 2014, the release conditions were modified allowing for her discharge from the halfway house and for her to reside in Winona, Minnesota. Defendant continued to participate in aftercare counseling sessions and successfully completed aftercare treatment on August 27, 2014.

---

[2] As a result of this Government concession, Defendant would not face a minimum mandatory statutory sentence of ten years imprisonment.

Defendant used methamphetamine approximately two and a half weeks later. PSR at ¶ 5. Her supervising officer then placed defendant on a sweat patch. Id. When a sweat patch was removed October 8, 2014, it tested positive for methamphetamine. Id. Defendant Lewis denied drug use. Id. A second drug testing sweat patch applied on October 22, 2014, was unavailable for testing. Id. Defendant appeared on October 29, 2014, to have the sweat patch removed for testing and told staff that it "merely fell off." Id.

By December 19, 2014, defendant appeared before this Court due to these violations of her pretrial terms. Id. Defendant arrived late, and this Court directed that she immediately reside at a halfway house. However, defendant absconded during transport to the facility. Id. She remained a fugitive until she was arrested on February 23, 2015. Id.

Meanwhile, the PSR itself was completed. The sentencing guideline range contained within the PSR differed slightly from that which was contemplated by the plea agreement because of a greater criminal history categorization than estimated:  total offense level of 31, criminal history category IV, and guideline imprisonment range of 155 to 188 months. PSR ¶ 107.  The PSR reported the statutory provisions for supervised release require that the Court must impose a term of at least 3 years.  21 U.S.C. § 841(b)(1)(B).  PSR ¶ 110.  The Guideline Provisions specified a term of supervised release to be no less than that mandated by statute – three years.  U.S.S.G. § 5D1.2(c). PSR ¶ 111.

A sentencing hearing was held on June 6, 2015.  The Court adopted the PSR without change.  DCD 226.  The Court's determination provided an advisory Guideline range of:  total offense level 31, criminal history category IV, and a guideline imprisonment range of 155 to 188 months.  *Id.*  After reviewing the parties' submissions and hearing argument, the Court sentenced Defendant to 120 months imprisonment and 3 years Supervised Release.  DCD 225.  Defendant did not file a direct appeal from her conviction or sentence.

On August 21, 2015, Defendant filed a Pro Se Motion to Reduce Sentence and Modify Supervised Release term under § 3582(c)(2) and § 3563(b).  DCD 233. The government responded to defendant's sentence reduction motion on January 25, 2016. In summary, the government argued that defendant's motion should be denied because 1) defendant failed to demonstrate why the supervised release term of 5 years was unreasonable, and 2) defendant's motion, which is tied entirely to considerations of supervised release, is premature and therefore untimely. The Court agrees that defendant's motion should be dismissed.

II.  DISCUSSION
    A.  <u>Standard of Review and Legal Framework</u>

Title 18, United States Code, Section 3583, is the general section instructing district courts on the considerations of supervised release.  The court must order a term of supervised release if required by statute.  18 U.S.C. § 3583(a).  The authorized term of supervised release for a Class A or Class B felony is not more than five years.  18 U.S.C. § 3583(b)(1).  Defendant's offense of conviction, 21 U.S.C. § 841(b)(1)(B) provides:

4

> [n]otwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years…

Furthermore, "[d]istrict courts have the discretion to impose conditions of supervised release that '(1) [are] reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) involve[ ] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and (3) [are] consistent with any pertinent policy statements issued by the Sentencing Commission.'" United States v. Romig, Criminal No. 00-355(1), 2014 WL 1048390, *1 (D. Minn. 2014), quoting United States v. Kelly, 625 F.3d 516, 519 (8th Cir. 2010) (internal quotation marks omitted); see also 18 U.S.C. § 3583(d).

Furthermore, courts have also noted that while a motion to modify a condition of supervised release under § 3583(e)(2) may be brought at any time prior to the expiration or termination of the term of supervised release, such motions are not generally ripe for adjudication until such time as the enforcement of the conditions is imminent. Romig, Criminal No. *00-355(1),* 2014 WL 1048390, *2 (D. Minn. 2014) (citing United States v. Zimmerman, 481 Fed.Appx. 199, 201 (5th Cir.2012); United States v. Broome, No. 13–678, 2013 WL 1405947, at *1 (D.Minn. Apr. 8, 2013)).

    B. <u>Defendant's Supervised Release Claim</u>

Here, defendant provides no specific information or basis for her claim that this Court failed to correctly administer a term of supervised release. While she now maintains she had no notice regarding supervised release, the record demonstrates the contrary. As described above, even before her guilty plea defendant was made fully

aware of the circumstances regarding a potential supervised release term, and that such a term would be "at least 3 years." DCD 117 at ¶ 4. The PSR reflected those same circumstances. PSR ¶¶ 88 – 89. Moreover, she did not challenge her supervised release conditions or term – or any other aspect of her sentence – by direct appeal.

     Defendant's filing appears to be boilerplate pleading. Tellingly, it is almost identical to a separate pleading filed by related defendant Julia Rene Ayers. See United States v. Ayers, 13-CR-241(RHK/TNL) at ECF 59.  Moreover, the document spuriously includes multiple statements which are neither in keeping with the facts of this case generally, nor in keeping with defendant's sentencing proceedings specifically. Defendant's supervised release term was provided by statute, and the standard and conditions imposed were reasonably related to the factors identified at 18 U.S.C. § 3553(a), involved no greater deprivation of liberty than reasonably necessary, were consistent with the policy statements of 3583(d), and were tailored to meet defendant's needs, her history, and the needs of the community. Furthermore, defendant's motion is premature, as the time for enforcement of her supervised release conditions is not imminent. Therefore her motion must be denied.

CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that defendant Lewis' Motion for Modification or Reduction of Sentence Under 18 U.S.C. §§ 3582(c)(2) and 3563(b) (DCD No. 233) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 22, 2016               s/ Richard H. Kyle
                                       RICHARD H. KYLE
                                       United States District Judge