UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>APRIL FAY LEWIS,<br><br>　　　　　Defendant. | Criminal No. 14-CR-66 (2) (RHK/JSM)<br>Civil No. 16-2939 (RHK)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

　　　　This matter is before the Court on Defendant's August 31, 2015, Motion for modification or reduction of sentence under 28 U.S.C. § 2255. (Doc. No. 262.) Defendant's Motion will be denied for the reasons discussed below.

**I.　　STATEMENT OF RELEVANT FACTS AND PROCEDURE**

　　　　On March 3, 2014, Defendant April Fay Lewis ("Defendant" or "Lewis") was named in a twelve-count Indictment charging her with various crimes related to a drug trafficking organization's conspiracy to distribute methamphetamine. (Doc. No. 1.) Pursuant to a plea agreement, on June 2, 2014, Defendant appeared with her counsel and pled guilty to Count One of the Indictment. That count of conviction charged her with conspiracy to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. (Doc. No. 117.) In consideration for her plea, the Government agreed not to charge her with additional and more significant drug conspiracy allegations. (Id. at ¶ 1.) Defendant acknowledged that, according to the Advisory Guidelines, she faced up to 188 months

imprisonment. (Id. at ¶ 6.) She also understood that if she were to violate any condition of supervised release, she could be sentenced to an additional term of imprisonment up to the length of the original supervised release term of up to three years, subject to the statutory maximums set forth in 18 U.S.C. § 3583. (Id. at ¶ 5.) The parties acknowledged the Court would consider the United States Sentencing Guidelines in determining the appropriate sentence. (Id. at ¶ 6.) The Court ordered a Presentence Investigation Report ("PSR") and allowed Defendant to remain out of custody on previously-imposed conditions of release.

Pretrial services records demonstrated that Defendant did not comply with Court-ordered conditions of release. (PSR at ¶ 5.) Specifically, following her initial release on March 27, 2014, Defendant was ordered to reside at a halfway house. As described above, she pleaded guilty in June 2014, and completed the primary portion of treatment and was participating in aftercare sessions. By July 24, 2014, the release conditions were modified allowing for her discharge from the halfway house and for her to reside in Winona, Minnesota. Defendant continued to participate in aftercare counseling sessions and successfully completed aftercare treatment on August 27, 2014.

Defendant used methamphetamine approximately two and a half weeks later. (PSR at ¶ 5.) Her supervising officer then placed Defendant on a sweat patch. (Id.) When a sweat patch was removed October 8, 2014, it tested positive for methamphetamine. (Id.) Defendant Lewis denied drug use. (Id.) A second drug testing sweat patch applied on October 22, 2014, was unavailable for testing. (Id.) Defendant

appeared on October 29, 2014, to have the sweat patch removed for testing and told staff that it "merely fell off." (Id.)

By December 19, 2014, Defendant appeared before this Court due to these violations of her pretrial terms. (Id.) Defendant arrived late, and this Court directed that she immediately reside at a halfway house. However, Defendant absconded during transport to the facility. (Id.) She remained a fugitive until she was arrested on February 23, 2015. (Id.)

Meanwhile, the PSR itself was completed. The sentencing guideline range contained within the PSR differed slightly from that which was contemplated by the plea agreement because of a greater criminal history categorization than estimated: total offense level of 31, criminal history category IV, and guideline imprisonment range of 151 to 188 months. (PSR at ¶ 107.)[1] The PSR reported the statutory provisions for supervised release require that the Court must impose a term of at least 3 years. 21 U.S.C. § 841(b)(1)(B). (PSR at ¶ 110.) The Guideline Provisions specified a term of supervised release to be no less than that mandated by statute – three years. U.S.S.G. § 5D1.2(c). (PSR at ¶ 111.)

A sentencing hearing was held on June 6, 2015. The Court adopted the PSR without change. (Doc. No. 226.) The Court's determination provided an advisory guideline range of: total offense level 31, criminal history category IV, and a guideline imprisonment range of 151 to 188 months. (Id.) After reviewing the parties'

---

[1] The PSR considered Defendant an average participant based on her involvement in the conspiracy overall. (PSR at ¶ 21.)

submissions and hearing argument, the Court sentenced Defendant to 120 months imprisonment and 3 years supervised release. (Doc. No. 225.) Defendant did not file a direct appeal from her conviction or sentence.

On August 21, 2015, Defendant filed a pro se motion to reduce sentence and modify supervised release term under § 3582(c)(2) and § 3563(b), claiming in a boilerplate prison pleading that her supervised release term should be modified. (Doc. No. 233.) The Government responded to that motion on January 25, 2016 (Doc. No. 244), and the Court denied that request for relief on February 22, 2016. (Doc. No. 245.)

On or about August 31, 2016, Defendant filed the instant Motion. (Doc. No. 262.) She claims that under Amendment 794 to the Sentencing Guidelines she would now be considered a minor participant in the offense and that, as such, the Court should reduce her sentence. (Id.) For the reasons that follow, her Motion should be denied.

## II.   ANALYSIS

### A.   General Principles

#### 1.   The § 2255 Motion Generally

To prevail on a motion filed under 28 U.S.C. § 2255, a petitioner must show that his challenge raises a "fundamental defect which results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). Section 2255 relief is extraordinary; consequently, it "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, § 2255 "does not encompass all claimed

errors in conviction and sentencing." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, it encompasses jurisdictional and constitutional errors. Id. Beyond that, its scope is "severely limited." Id. The burden of proof is on a petitioner in a § 2255 proceeding. 28 U.S.C. § 2255(a); Holloway v. United States, 960 F.2d 1348, 1355 (8th Cir. 1992); Day v. United States, 428 F.2d 1193, 1196 (8th Cir. 1970) (providing that petitioner bears burden of proof on each ground asserted in a § 2255 motion). An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000).

A one-year period of limitation applies to the filing of a motion under § 2255. The one-year period runs from the later of the date a defendant's conviction becomes final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §§ 2255(f)(1) & (f)(3); see Sun Bear, 644 F.3d at 702-03. Further, a defendant may not file a second or successive motion under § 2255 in the district court unless he or she first makes a prima facie showing to the applicable court of appeals that the motion concerns:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

5

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(3)(A).

### 2. Sentencing Commission Actions and Sentence Modifications

"A district court may reduce a previously imposed prison term if the defendant's sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Thomas, 775 F.3d 982 (8th Cir. 2014) (quoting 18 U.S.C. § 3582(c)(1)). Pursuant to U.S.S.G. § 1B1.10(a)(2), the Sentencing Commission has authorized a § 3582(c)(2) reduction if it has declared a guideline amendment retroactive and the amendment lowers the defendant's "applicable guideline range." Id.

Amendment 794 of the Sentencing Guidelines, which became effective November 1, 2015, revised the commentary to U.S.S.G. § 3B1.2 of the Sentencing Guidelines concerning mitigating role adjustments. United States v. Quintero-Leyva, 823 F.3d 519, 521 (9th Cir. 2016). Significantly, the Sentencing Commission did not declare the amendment retroactive. See U.S.S.G. § 1B1.10(d) (Nov. 2015).

For this reason alone, Defendant's Motion must fail. However, there are additional reasons to deny her habeas request.

### B. Defendant's Claim Has No Substantive Merit

Defendant's claim is frivolous and is not supported by the law or the facts. As to the facts, Defendant admitted traveling with co-conspirators to Texas, obtaining multiple

6

kilograms of methamphetamine, and then participating in the conspiracy's transport and distribution efforts here in Minnesota. (PSR at ¶ 15.) During her plea colloquy, she admitted responsibility for between 5 and 15 kilograms of methamphetamine. (Id. at ¶ 21; Doc. No. 117 ¶ 2.c.) As such, it cannot be said that her role in the methamphetamine conspiracy was minor.

As to the law, Lewis' reliance on Quintero-Leyva is misplaced. In Quintero-Leyva, the Ninth Circuit remanded the case for resentencing holding that "Amendment 794 applies retroactively on *direct* appeal." Quintero-Leyva, 823 F.3d at 524 (emphasis added). The amendment, which became effective on November 1, 2015, revised the commentary to U.S.S.G. § 3B1.2 of the Sentencing Guidelines concerning mitigating role adjustments. Id. at 521. While the amendment may be retroactive on direct appeal, the Government has not found any case that has applied it retroactively on collateral review. Indeed, it is not among the amendments that the Sentencing Commission made retroactive for purposes of filing a motion under 18 U.S.C. § 3582(c)(2). See U.S.S.G. § 1B1.10(d) (Nov. 2015).

More importantly, when one examines the commentary to § 3B1.2, it is clear that the amendment has not changed to benefit Lewis. For example, the commentary provides a "non-exhaustive" list of factors to evaluate when considering whether a mitigating role reduction applies. U.S.S.G. § 3B1.2, comment. (n.2) (Nov. 2013 and Nov. 2015). For example, Defendant clearly understood the full scope and structure of the conspiracy. She also benefitted considerably from the criminal activity, as it provided support for herself and her boyfriend, while also perpetuating her habit. Neither

7

circumstance would counsel a mitigating role reduction. Id. At base, notwithstanding her short handwritten submission accompanying her boilerplate filing, Defendant has not demonstrated that her actions were "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, comment. (n.3) (Nov. 2013 and Nov. 2015).

In addition, this Court considered the multiple departure motions (from both parties), which included various arguments, including claims akin to a lesser role in the conspiracy overall. (See Doc. Nos. 209, 209-1 & 223.) Considering these motions, the Court departed from her advisory Guidelines range of 151 to 188 months, but still sentenced Defendant to a term of 120 months imprisonment.

In short, Defendant's claim has no merit. Therefore, her Motion must be denied.

### III. NO CERTIFICATE OF APPEALABILITY WILL BE GRANTED

Although the Court does not anticipate that Defendant will seek Eighth Circuit review of this Order, this Court today makes clear that a federal prisoner may not appeal a final order in a proceeding under 28 U.S.C. § 2255 without first securing a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A district court cannot grant a certificate of appealability unless the prisoner "has made a *stubstantial showing* of the denial of a constitutional right." Id. at § 2253(c)(2) (emphasis added); accord Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006). Furthermore, a certificate of appealability will not be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of

frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Rather, a prisoner must satisfy a higher standard; she must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997); accord Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Defendant has made no such showing here.

Therefore, the Court concludes that a certificate of appealability would not be appropriate. Defendant's claims have been fully addressed herein and they lack merit. Her claim is not "debatable among reasonable jurists." Cox, 133 F.3d at 568. Nor has she shown sufficient reason to believe that any other court – including the Eighth Circuit – would decide her claim differently than decided here. She has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about her case warranting appellate review. Thus, the Court concludes that Defendant is not entitled to a certificate of appealability.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant April Fay Lewis' Motion for Modification or Reduction

of Sentence Under 28 U.S.C. § 2255 (Doc. No. 262) is **DENIED**, and the Court **DECLINES** to issue a certificate of appealability should Defendant appeal this Order to the Eighth Circuit.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civil No. 16-2939.

Dated: November 7, 2016

<span style="margin-left:3em">s/Richard H. Kyle<br>RICHARD H. KYLE<br>United States District Judge</span>